UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD MARTIN,

     Plaintiff,

v.                                Case No. 3:21cv69-LC-HTC

OKALOOSA CORRECTION INSTITUTION,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Richard Martin, a federal prisoner proceeding *pro se*, initiated this action by filing a typed letter[1] on January 8, 2021, which appears to dispute a disciplinary report he received in 2008 from Okaloosa Correctional Institution. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon screening the complaint under 28 U.S.C. § 1915A, and for the reasons set forth herein, the undersigned respectfully recommends the complaint be DISMISSED as Plaintiff's claims are not redressable under 42 U.S.C. § 1983.

---

[1] In addition to not being on the Court's official forms, the complaint was unaccompanied by the requisite filing fee or a completed motion to proceed *in forma pauperis*. However, because the undersigned is recommending dismissal, Plaintiff will not be asked to resubmit these filings on the correct forms.

## I.      BACKGROUND

The crux of Plaintiff's allegations arise from an October 24, 2008 disciplinary report ("DR") he received at Okaloosa Correctional Institution ("OCI"), which resulted in a sentence of sixty (60) days confinement and ten (10) days loss of gain time.  *Id.*  According to Plaintiff, the Inspector General later informed him "they were listing the charges as an accidental collision and [Plaintiff] would only receive a transfer" to another institution.  *Id.*  In 2018, Plaintiff learned the DR had not been downgraded or removed and was still listed in his file.  *Id.*  As a result, Plaintiff alleges Baker Correctional Institution ("Baker CI") is refusing "to respect the Bureau of State Investigation Report" and "prays that he can get the help needed to get this DR expunged."  *Id.* at 1–2.  Additionally, Plaintiff alleges that because of the DR, he "cannot request the 700 days of gain time he lost throughout his 23 and ½ year sentenced he received" and that the "DR would stop [him] from requesting halfway house and re-entry program."

## II.     LEGAL STANDARD

Because Plaintiff is an inmate seeking relief against governmental employees, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

## III.    ANALYSIS

While courts normally afford *pro se* plaintiffs an opportunity to amend their complaints before recommending dismissal, here such an opportunity would be futile because it is clear Plaintiff's request to "expunge" the DR report is not actionable as a civil rights action.  Instead, such a claim must be brought as a petition for habeas corpus relief under 28 U.S.C. § 2254.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In other words, "[a] prisoner must bring a claim in habeas if his challenge necessarily implies that a loss of gain time credits is invalid, and that rule applies even if he is challenging only the procedures involved and not the revocation itself."  *Adamson v. McNeil*, 353 F. App'x 238, 240 (11th Cir. 2009); *see also Hoffmann v. McCray*, No. 3:17-CV-361-J-39JRK, 2019 WL 3413536, at *11 (M.D. Fla. July 29, 2019) ("[E]xpungement of a prison disciplinary action is relief obtainable in a habeas action, not a civil rights case.").

Additionally, a petition for writ of habeas corpus must be filed against the Secretary of the Florida Department of Corrections, and not the institution that issued the DR (here, Okaloosa Correctional Institution), or the institution housing

Plaintiff, Baker CI. *See Diaz v. Sec'y, DOC*, 2020 WL 708128, at *1 (M.D. Fla. Feb. 12, 2020) (citing *Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004)) (noting when a petitioner is incarcerated in a Florida Department of Corrections facility and challenges his present physical confinement, "the proper respondent is the Secretary of the Florida Department of Corrections"). This is so even if it is Baker CI that refuses to "downgrade" the classification. Thus, although the clerk identified Okaloosa CI as the defendant in this action on the docket, Plaintiff has not stated a claim against either Baker CI or Okaloosa CI.

## IV.   CONCLUSION

Because Plaintiff's claims must be brought as a petition for habeas corpus relief under 28 U.S.C. § 2254, Plaintiff's civil rights complaint should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.     Plaintiff's complaint (ECF Doc. 1) be DISMISSED.

2.     The clerk be directed to close the file.

Done in Pensacola, Florida, this 25th day of January, 2021.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**